JAMES DUERBIG and ALFRED DUERBIG, Plaintiffs

v.

HANS EBERHARDT and GRAPETREE BAY CORPORATION, Defendants

Civil No. 1972-357

District Court of the Virgin Islands

Div. of St. Croix

March 10, 1975

MERWIN, ALEXANDER & O'BRIEN, ESQS. (WARNER ALEXANDER, of counsel), Christiansted, St. Croix, V.I., *for plaintiffs*

ISHERWOOD, COLIANNI, ALKON & BARNARD, ESQS. (GEOFFREY BARNARD, of counsel), Christiansted, St. Croix, V.I., *for defendants*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND JUDGMENT

Plaintiff James Duerbig, at approximately midnight, was walking with a group of fellow students of the West Indies Laboratory of Farleigh Dickenson University along the side of one of Grapetree Bay Hotel's subdivision roads. He was struck from behind by an automobile traveling in the same direction. Defendant Hans Eberhardt ("Eberhardt") was the driver. He was also an employee of defendant Grapetree Bay Corporation. Although the Answer filed by defendants denied that at the time Eberhardt was acting within the scope of his employment, it was con-

ceded at the argument on plaintiff's motion for partial summary judgment (as to liability only) that, at the time of the accident, Eberhardt was driving the hotel corporation's vehicle and that his duties as manager of one of the two hotels owned and operated by the defendant corporation required him to use the company's car at that hour of the night.

James Duerbig's father, Alfred Duerbig, joined in this suit in order to recover his out-of-pocket expenses incurred as a result of the injuries to his son.

■ Plaintiff's motion for partial summary judgment as to liability only was granted against defendant Eberhardt on the basis of his negligence and against Grapetree Bay on the theory of respondeat superior. The only disputed issue at the argument on the motion was not a dispute as to fact, but one, as to law. Defendants contended that James Duerbig was contributorily negligent in walking westerly on the south side of the road. Since the Virgin Islands has left-handed traffic, this means that James Duerbig was walking with his back to the traffic coming from behind and using the same side of the road. The fact that he was walking on that side of the road was conceded by plaintiff, but it was argued that this of itself does not constitute contributory negligence. Defendants had no other fact to support their allegation of contributory negligence, so it was agreed to submit the matter to the Court as a legal question. While I believe it is unwise to walk on a roadway with one's back to the traffic and that the more provident rule is to "face the traffic", I cannot, as a matter of law, hold such action as being negligence which proximately caused the accident. James might have had a better chance to avoid all injuries were he agile and quick enough to leap off the road just prior to impact, but the law does not impose upon pedestrians such a standard of self preservation. James was rightfully on the road as a pedestrian. There

were no sidewalks in this subdivision and the roadway was sufficiently lighted for safe transit by both vehicles and pedestrians. Whether by facing Eberhardt's oncoming car the accident could have been avoided is a speculative question of survival at most and does not go to the core of negligence. For these reasons, I was unable to find James Duerbig guilty of contributory negligence.

The remaining issue of damages was submitted to the Court without trial and on the basis of stipulated injuries. The attorneys also furnished the Court with helpful memoranda in aid of the Court's task to arrive at monetary figures to compensate for the specific injuries involved. The injuries to James Duerbig consisted of the following:

a. Basal skull fracture;
b. Permanent anosmia (loss of sense of smell);
c. Minimal rotary nystagmus, temporary;
d. Temporary frontal headaches and nervousness;
e. Vertigo;
f. Cuts and bruises; and
g. Bleeding from the ears.

The permanent loss of the sense of smell and its related impairment of the sense of taste stand out in my opinion as the most serious of the several bodily injuries suffered by James. James Duerbig is 25 years old at this time and has been educated to be a marine biologist. The loss of the sense of smell presently impairs and will permanently impair his performance in certain aspects of his profession. Scientists quite frequently will identify certain chemicals and biological substances by smell alone. The loss of the sense of smell necessarily affects one's sense of taste. Together these losses will deprive James of certain, real pleasures of life. True, he will also be shielded from noxious odors and bad cooking, but even that is not beneficial for we know that frequently senses of smell and taste protect individuals from certain dangers, such as the inhalation of

poisonous gases and the consumption of poisonous foods.

James Duerbig may now have completely recovered from the other injuries, but a skull fracture and injury to one's ears, resulting in bleeding and vertigo, are painful traumata which do bring on persistent frontal headaches, nervousness and nystagmic movements of the eyes. How much would one pay not to be subjected to such suffering? I believe James Duerbig is entitled to a substantial recovery for the permanent anosmia and for other traumata.

■ Defendant James' father, Alfred Duerbig, should be entitled to recover his payments of medical bills paid and the round trip air fare for James to travel between New Jersey and St. Croix in order that James could make up a course at Farleigh Dickinson University missed as a result of the accident. Travel and Living expenses incurred in connection with the trial by parties are not recoverable as damages.

■ ■ Plaintiffs are entitled to an award of legal costs for the expenses of two witnesses who were brought to the Virgin Islands to testify and also would have testified at trial had plaintiffs' motion for partial summary judgment not been granted. Legal costs, however, do not include wages lost by a witness in attending court in addition to the statutory fee provided for the attendance of a witness.

### JUDGMENT

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby

ORDERED, ADJUDGED and DECREED:

1. That plaintiff James Duerbig shall be and hereby is awarded judgment against defendants in the sum of $35,000.00;

2. That plaintiff Alfred Duerbig shall be and hereby is awarded judgment against defendants in the sum of $259.00 for medical expenses and other expenses incurred

by him attributable to the injuries received by his son; and

3. That plaintiffs are awarded attorneys fees of $3,000.00 together with costs in the sum of $600.00.